UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ELVIN RABI BETETA-RAMOS,<br><br>Petitioner,<br><br>v.<br><br>MICHAEL NESSINGER, *Warden of Wyatt Detention Facility*; DAVID WESLING, *Boston ICE Field Office Director*; DAVID VENTURELLA *Acting ICE Director*; MARKWAYNE MULLIN, *DHS Secretary*; and TODD BLANCHE, *U.S. Attorney General*,<br><br>Respondents. | No. 26-cv-861-JJM-RLA |

## ORDER

Before this Court is Petitioner Elvin Rabi Beteta-Ramos's Petition for Habeas relief under 28 U.S.C. § 2241. Mr. Beteta-Ramos was subject to a final order of removal, reinstated in 2019 when he returned to the United States after being deported. ECF No. 1. At that time, Immigration and Customs Enforcement ("ICE") released Mr. Beteta-Ramos subject to an Order of Supervision ("OSUP"). *Id.* at 1. Mr. Beteta-Ramos became employed, and lived with his family, including his four children, in Massachusetts for almost seven years. *Id.* at 2. Mr. Beteta-Ramos was not charged with committing any crime. During that period, he was following the OSUP. *Id.* On September 25, 2026, Mr. Beteta-Ramos reported for his check-in with ICE as required by the OSUP and ICE abruptly detained him without any notice. *Id.*

Significantly, the Notice of Revocation of Release of Mr. Beteta-Ramos is noticeably deficient, both under the governing federal regulation and under the Due Process Clause of the Fifth Amendment to the United States Constitution. The relevant section on the ICE form simply states:

> Your release has been revoked pursuant to 8 C.F.R. § 241.4(l), for the following reasons(s): [no reason is stated, and no box checked].

ECF No. 5-3 at 2.[1] Nothing in the revocation notice puts Mr. Beteta-Ramos on notice of the "reasons for revocation," as the regulation requires, which would have allowed him to meaningfully contest his revocation during his informal interview. 8 C.F.R. § 241.4(l)(1). The record has no details about the substance of the informal interview and thus no basis to conclude he had the opportunity to meaningfully contest ICE's determination that it could promptly effectuate his removal.

The Court need not reinvent the wheel here, because less than a month ago, the federal court in the District of Massachusetts issued an order that lays out the law and the conclusions in a case that applies here. The court said:

> "ICE, like any agency, 'has the duty to follow its own federal regulations.'" [*Rombot v. Souza*, 296 F. Supp. 3d 383, 388-89 (D. Mass. 2017)] (quoting *Haoud v. Ashcroft*, 350 F.3d 201, 205 (1st Cir. 2003)). Where a regulation is "promulgated to protect a fundamental right"—here, procedural due process rights—"and ICE fails to adhere to it, challenged action is invalid." [*Perez-Escobar v. Moniz*, 792 F. Supp. 3d 224, 226 (D. Mass. 2025)]. "The subject regulation undoubtedly implicates [Mr. Beteta-Ramos'] constitutional rights[,] [as] '[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty' that the Fifth Amendment protects." *Munagi v. McDonald*, 813 F. Supp. 3d 225, 229 (D. Mass. 2025) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001)).

[1] This ICE form also noted that Mr. Beteta-Ramos' removal would take place "no later than: 10/25/2026."

> The law gives ICE significant discretion to revoke the release of noncitizens subject to final orders of removal. But it does not give "ICE a carte blanche to re-incarcerate someone without basic due process protections." *Rombot*, 296 F. Supp. 3d at 389. The "essential requirements of procedural due process include adequate notice and an opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Perez-Escobar v. Moniz*, 792 F. Supp. 3d 224, 226 (D. Mass. 2025) (quoting *Aponte-Rosario v. Acevedo-Vila*, 617 F.3d 1, 9 (1st Cir. 2010)). The purpose of notice "is to apprise the affected individual of, and permit adequate preparation for," his opportunity to be heard. *Id.* (quoting *Mard v. Town of Amherst*, 350 F.3d 184, 189 (1st Cir. 2003)).
>
> Here, the "conclusory explanation[2] for revoking [Mr. Beteta-Ramos'] release" on the OSUP revocation form "did not offer him adequate notice of the basis for the revocation decision such that he could meaningfully respond at the post-detention 'informal interview.'" *Id.* (quoting 8 C.F.R. § 241.4(l)(1)). ICE's failure to provide him "meaningful notice of the basis for its revocation of his release violated [its] regulation and due process." *Id.* Because ICE violated its own regulations and thereby impaired [Mr. Beteta-Ramos's] right to due process, the revocation of his OSUP is invalid and his detention is unlawful.

*Modolo, v. Wesling*, No. CV 26-14411-FDS, 2026 WL 3168663, at *4 (D. Mass. Oct. 22, 2026).

This Court agrees with the law and its application as stated by the court in *Modolo*. ICE gave Mr. Beteta-Ramos no reason for the revocation of the OSUP, which also made it impossible to prepare for, let alone give him a meaningful opportunity to obtain, an adequate informal interview as required by regulation and the due process clause. And there was not even an unstated obvious reason for the revocation because Mr. Beteta-Ramos had lived with his family, crime-free, and was a productive member of our society for seven years.

---

[2] Here, there was no explanation – conclusory or otherwise.

Because ICE violated its own regulations and thereby impaired Mr. Beteta-Ramos' due process, the revocation of his OSUP is invalid and his detention is unlawful.

Even though ICE has transferred Mr. Beteta-Ramos to Louisiana and later to the Adams County Correctional Center in Natchez, Mississippi, from the Wyatt Detention Facility in Rhode Island, jurisdiction, and venue remain proper in this district. The ICE Online Detainee Locator System (ODLS') did not show where ICE detained Mr. Beteta-Ramos at the time of this filing, and his last-known location was the Wyatt Detention Facility, in Rhode Island. *Rumsfeld v. Padilla*, 542 U.S. 426, 450 n. 18 ("When . . . a prisoner is held in an undisclosed location by an unknown custodian, it is impossible to apply the immediate custodian and district of confinement rules"); *Kariuki v. Nessinger*, No. 26-cv-674, 2026 WL 2883548, at *1 (D.R.I. Sept. 25, 2026) (applying unknown-custodian exception and denying motion to transfer where ICE ODLS did not reflect petitioner's location at the time of filing); *Ramos Contreras v. Hyde*, No. 26-cv-188, Text Order (D.R.I. Apr. 3, 2026) (finding jurisdiction based upon petitioner's last-known location); *Gavarete Ramirez v. Nessinger*, No. 26-cv-259, Text Order (D.R.I. May 14, 2026).

Thus, the Court GRANTS the Petition for Writ of Habeas Corpus and ORDERS ICE to return Elvin Rabi Beteta-Ramos to Rhode Island post-haste, and once back in Rhode Island or Massachusetts to immediately release him consistent with his former OSUP conditions. Respondents may transfer Mr. Beteta-Ramos to the Boston ICE Filed Office in Burlington, Massachusetts to effectuate his immediate release if

necessary. The Government shall file a status report on this matter within seven (7) days.

IT IS SO ORDERED

***/s/John J. McConnell, Jr.***

JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

November 21, 2026